IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

KARL KEVIN HILL,

    Petitioner-Defendant,

v.                                                                             Civil Action No. 1:12cv92

UNITED STATES OF AMERICA,

    Respondent-Plaintiff.

## REPORT AND RECOMMENDATION

### *I. INTRODUCTION*

On March 22, 2012, Karl Kevin Hill, *pro se*, ("Petitioner") filed a Motion for Return of Property Pursuant to Rule 41(g) in case number 2:04-cr-30. On June 1, 2012, Chief Judge John Preston Bailey entered an order terminating the motion in petitioner's criminal case; directing the Clerk to open a separate civil case for petitioner's Motion for Return of Property, utilizing the instant motion as the initiating petition; and directing the Clerk to send petitioner a Notice of General Guidelines for Appearing Pro Se in Federal Court, along with an *in forma pauperis* ("IFP") application, to be returned within thirty days, if the full filing fee was not paid.

On June 4, 2012, the Government was directed to respond. The petitioner's IFP application and ledger sheets were filed on July 2, 2012. On July 6, 2012, an Order to Show Cause was entered, directing petitioner to file his Consent to Collect within fourteen days or risk dismissal of his case. On August 7, 2012, petitioner filed his Consent to Collect. By Order entered August 8, 2012, petitioner's IFP motion was granted, but he was directed to pay an initial partial filing fee. After

1

three Show Cause Orders were issued, petitioner finished paying his initial partial filing fee on November 9, 2012. The undersigned now issues this Report and Recommendation on the motion without holding an evidentiary hearing.

## II. FACTUAL BACKGROUND

In the late evening of September 22, 2004, the Barbour County Sheriff's Office arrived at the residence of petitioner to serve an arrest warrant on Kyle Lantz, who was believed to be staying there. During the events that transpired that night, the Barbour County Sheriff's Office seized multiple firearms and the makings of a meth lab. On December 15, 2004, a federal grand jury charged petitioner in three counts of a three-count indictment; the indictment also included a forfeiture allegation for seven firearms. On January 14, 2005, petitioner filed a motion to suppress items seized during the search of his home and his sister's trailer, located behind his home. The motion to suppress the firearms seized from petitioner's residence was granted but the motion to suppress the meth lab petitioner was operating in his sister's trailer behind his home was denied.

On February 15, 2005, a superseding indictment was returned, naming petitioner in two counts of a five-count indictment and one forfeiture allegation. On April 15, 2005, petitioner signed a plea agreement in which he pled guilty to Count 1 of the superseding indictment,[1] drug conspiracy involving marijuana and methamphetamine, a charge with a potential sentence of not less than five (5) nor more than forty (40) years, a fine of $2,000,000.00, a term of at least four (4) years of

---

[1] The offense charged in Count 1 was "drug conspiracy - marijuana and methamphetamine," in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The purpose and object of the conspiracy was to unlawfully knowingly and intentionally possess with intent to distribute marijuana as designated by Title 21, U.S.C. §812(c), Schedule 19C)(10), and to manufacture and distribute more than fifty (50) grams of substances containing a detectable amount of methamphetamine, a.k.a 'crank,' a controlled substance designated by Title 21, C.F.R. § 1308.12, Schedule II(d)(2); all in violation of Title 21, U.S.C. §§ 846 and 841(b)(1)(B).

supervised release, and a mandatory assessment of $100.[2] In the event that petitioner was subsequently found to have a prior felony drug conviction, his maximum penalty would be imprisonment for a period of at least ten (10) years, a fine of $4,000,000.00 and a term of at least eight (8) years of supervised release. In the plea agreement, the parties stipulated and agreed that petitioner's total relevant conduct was "difficult to estimate" but would be at least two hundred (200) but less than three hundred and fifty (350) grams of substances containing methamphetamine.

After a motion to withdraw the guilty plea was denied, the Court sentenced petitioner and imposed the Guideline range minimum sentence, a term of 120 months, followed by eight years of supervised release, and payment of the special assessment of one hundred dollars. Despite defense counsel's vigorous argument on his behalf, the Court found that petitioner was subject to mandatory detention under Title 18 U.S.C. § 3143 and he was remanded into custody. Since petitioner was sentenced he has unsuccessfully attempted to appeal and collaterally attack the conviction and sentence.

In his Motion for Return of Property Pursuant to Rule 41(g), petitioner requests the return of "property earlier confiscated from him" by the Government, attaching a list, which includes: 1) one 12 gauge (unknown brand) given serial # 04-63; 2) one antique Winchester arm model 37 – 12 gauge shot gun #04-65; 3) one Ruger super black hawk .44 magnum revolver with Leupold scope #04-68; 4) one New England firearm 12 gauge shotgun # 04-66; 5) one lighter resembling a gun; 6) all ammunition and other firearms related material; 7) one Osterizer brand 12 speed blender; 8) one black griddle style hot plate #04-72; 9) one violin given evidence #04-93; 10) U.S. currency

---

[2] Count 2 of the superseding indictment (possession of a firearm in furtherance of drug crime) and the forfeiture allegation against petitioner were dismissed.

[totaling] $498.00; 11) one Husquvarna [sic] chain saw; and 12) one wooden antique jewelry box (special value). Petitioner offers to execute any necessary affidavit to transfer right, title or interest in the firearms to accommodate their transfer to his sister.

In its answer to the complaint, the Government contends that as a convicted felon, petitioner is not entitled to the lawful possession of the firearms and methamphetamine manufacturing materials seized by the West Virginia State Police in this matter. The property is contraband and cannot be returned to him. Moreover, the property is not in the United States' possession; the West Virginia State Police evidence logs, attached to the Government's response, reflect that all of the items requested by petitioner have long been destroyed.

## III. DISCUSSION

Federal Rule of Criminal Procedure 41(g) states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

A postconviction motion for return of property seized as part of a criminal investigation brought under Fed. R. Crim. P. 41(g) is an equitable civil action. *See United States v. Garcia*, 65 F.3d 17, 20-21 (4th Cir. 1995). Such an action is subject to the general six-year statute of limitations for suits brought against the United States. *See* 28 U.S.C. § 2401(a); *United States v. Minor*, 228 F.3d 352, 359 (4th Cir. 2000).

Title 28 U.S.C. § 2401(a), which provides this six year statute of limitations, states that "every civil action commenced against the United States shall be barred unless the complaint is filed

4

within six years after the right of action first accrues." A cause of action accrues when the plaintiff is "in possession of the critical facts that he has been hurt and who has inflicted the injury." *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). The date on which this injury occurs, at least in relevant context to the instant case, is when a plaintiff "can reasonably be expected to inquire" about that property, and that date is when the criminal proceedings have concluded. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001); *see also United States v. Francis*, 646 F.2d 251, 262 (6th Cir. 1981); *United States v. Farrell*, 606 F.2d 1341, 1343 (D.C. Cir. 1979). The reasoning behind this application is that the government may have a use for these items, even non-contraband items, during an investigation or at trial, but once a trial has concluded the use for those items has concluded as well. *See Rodriguez-Aguirre*, 264 F.3d at 1213.

Plaintiff entered a plea of guilty on April 15, 2005, which ended the criminal prosecution of the case and the government's need for any personal items it held. *See e.g. Libretti v. United States*, 516 U.S. 29 (1995) ("[W]hen viewed in its entirety, the plea colloquy [makes] it abundantly clear that the plea agreement would end any proceedings before the jury and would lead directly to sentencing by the court."); *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (finding that by entering into a guilty plea a "defendant seeks an end to the judicial proceedings"); *Roberson v. Beightler*, No. 5:09cv1681, 2010 U.S. Dist. LEXIS 137349, *20 (N.D. Oh. Dec. 30, 2010) (finding that a defendant brought an end to the criminal proceedings when he entered into a plea agreement); *United States v. Cisneros (In re A.H. Belo Corp.)*, 66 F. Supp. 2d 47, 49 (D.D.C 1999); Thus, if the Court uses this date as a starting point for the statute of limitations, Plaintiff would have had to file the instant complaint by April 15, 2011. Because the instant complaint was filed on March 22, 2012, more than eleven months after the deadline, it is barred by 28 U.S.C. § 2401(a).

5

Moreover, petitioner can find no solace in a "what if" scenario had he filed the instant complaint earlier. In its response, the government provided evidence logs of the Barbour County Sheriff's Office that showed all of the property requested by petitioner has long been destroyed. Thus, only monetary damages could be awarded for the property, and this Court lacks jurisdiction to award such damages. Sovereign immunity deprives courts of jurisdiction and can only be waived by an unequivocal and express act of Congress. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). Federal Rule of Criminal Procedure 41(g) lacks that express waiver of immunity. *See United States v. Jones*, 225 F.3d 468 (4th Cir. 2000), *cert. denied* 532 U.S. 1053 (2001) (holding that courts lack jurisdiction based on sovereign immunity to award monetary damages in lieu of destroyed property); *see also United States v. Bein*, 214 F.3d 408, 412-16 (3d Cir. 2000); *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998).

## *IV. CONCLUSION & RECOMMENDATION*

Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. For the reasons set forth herein, that six years has elapsed and petitioner's action against the United States is barred. Moreover, this Court lacks jurisdiction to award damages in lieu of the destroyed property. Accordingly, the undersigned **RECOMMENDS** that Petitioner's Motion for Return of Property be **DISMISSED**.

Within **fourteen (14) days** after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this

Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket.

**DATED:** November 20, 2012

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE