```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**KEVIN KARL HILL,**

    **Petitioner,**

v.                //        CIVIL ACTION NO. 1:12CV92
                                  (Judge Keeley)

**UNITED STATES OF AMERICA,**

    **Defendant.**

**ORDER DENYING THE PETITION FOR RETURN OF
PROPERTY [DKT. NO. 1] AND ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 27]**

Pending before the Court is the Report and Recommendation ("R&R") of the magistrate judge concerning the plaintiff's Petition for Return of Property pursuant to Fed. R. Crim. Pro. 41(g) ("Rule 41(g)"). For the following reasons, the Court **ADOPTS** the magistrate judge's R&R.

**I.**

On March 22, 2012, the pro se plaintiff, Kevin Karl Hill ("Hill"), filed a Motion for Return of Property pursuant to Rule 41(g) in his closed criminal case. See United States v. Hill, 2:04CR30 (N.D.W.V., Wheeling Division). Hill petitions for the return of certain items of personal property seized by the Barbour County Sheriff's Department ("Sheriff's Department") and in the possession of the West Virginia State Police ("WVSP"). This personal property includes:

    1)    12-gauge shotgun(unknown brand);
    2)    Antique Winchester arm model 37, 12-gauge shot gun;

**HILL v. UNITED STATES** 1:12CV92

**ORDER DENYING THE PETITION FOR RETURN OF
PROPERTY [DKT. NO. 1] AND ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 27]**

3)  Ruger super black hawk .44 magnum revolver with Leupold scope;
4)  New England firearm 12-gauge shotgun # 04-66;
5)  Lighter resembling a gun;
6)  All ammunition and other firearms related material;
7)  Osterizer brand 12-speed blender;
8)  Black griddle style hot plate;
9)  One violin given as evidence;
10) U.S. currency, $498.00;
11) Husquvarna [sic] chain saw; and
12) Wooden antique jewelry box (special value).

(Dkt. No. 1-1). The WVSP destroyed each of these items, except the $498.00 in U.S. currency, in the spring of 2012. (Dkt. Nos. 7 at 3; 7-4 at 1).

At the direction of the Court, the Clerk of Court removed Hill's Rule 41(g) motion from his closed criminal case on June 1, 2012, and filed it as the initial pleading in this civil case. (Dkt. No. 1). The Clerk then sent Hill a Notice of General Guidelines for Appearing Pro Se in Federal Court (Dkt. No. 3), and granted Hill leave to proceed in forma pauperis. Pursuant to L.R. Civ. Pro. 72.01(d)(6), the Court then referred this matter to Magistrate Judge James E. Seibert for initial screening and an R&R.

On June 4, 2012, the magistrate judge directed the United States to respond to Hill's motion. The United States did so on

**HILL v. UNITED STATES** 1:12CV92

**ORDER DENYING THE PETITION FOR RETURN OF PROPERTY [DKT. NO. 1] AND ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 27]**

July 2, 2012, and Hill replied on August 3, 2012.[1] The United States supplemented its answer with two additional exhibits on October 2, 2012. Hill did not oppose those supplements; in fact, in his response on October 15, 2012, he cited the additional exhibits offered by the United States.

On November 20, 2012, the magistrate judge recommended dismissing Hill's petition. (Dkt. No. 27). In his R&R, he concluded that, under the general six-year statute of limitations applicable to suits brought against the United States, see United States v. Minor, 228 F.3d 352, 359 (4th Cir. 2009), Hill's motion was time-barred. Moreover, he found that the Court lacked jurisdiction to award Hill monetary damages for seized property that has been destroyed.

Hill filed timely objections to the R&R on November 30, 2012 (Dkt. No. 29), in which he contended that the evidence adduced by the United States regarding the destruction of his property is insufficient and the Court, at a minimum, should order the production of affidavits verifying the property's destruction. Hill also argues that the magistrate judge improperly raised the statute of limitations sua sponte, and that, in any event, his motion is

---

[1] Also on July 2, 2012, Hill filed a motion for leave to proceed in forma pauperis (dkt. no. 8), which the magistrate judge granted on August 8, 2012. (Dkt. No. 16).

**HILL v. UNITED STATES**                                              **1:12CV92**

**ORDER DENYING THE PETITION FOR RETURN OF
PROPERTY [DKT. NO. 1] AND ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 27]**

timely. Finally, he maintains that the Court should order the return of the $498 in U.S. currency, which was seized by the Sheriff's Department but never destroyed.

After conducting a de novo review of the issues raised, the Court concludes that Hill's objections are without merit. It therefore **ADOPTS** the magistrate judge's R&R and **DISMISSES** Hill's Rule 41(g) motion **WITHOUT PREJUDICE**.

**II.**

On September 22, 2004, during an attempt to serve a state-issued arrest warrant on a person named Kyle Lantz, Barbour County Sheriff's Department deputies discovered guns and the components of a methamphetamine lab in Hill's home and an adjoining trailer. Motion to Suppress All Evidence at 1-2, United States v. Hill, No. 2:04CR30 (N.D.W. Va. Jan. 14, 2005). On December 15, 2004, a federal grand jury indicted Hill on three counts and sought forfeiture of all firearms involved in the commission of the charged offenses. Then on February 15, 2005, the United States sought a superseding indictment named Hill in only two counts, but maintained the forfeiture allegation from the initial indictment.

On April 15, 2005, Hill pleaded guilty to Count One of the Superseding Indictment, which alleged a drug conspiracy. Hill later moved to withdraw the guilty plea, but the court denied that motion

**HILL v. UNITED STATES** 1:12CV92

**ORDER DENYING THE PETITION FOR RETURN OF PROPERTY [DKT. NO. 1] AND ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 27]**

on June 30, 2006. Three months later, on October 2, 2006, it sentenced him to one-hundred and twenty (120) months of incarceration for Count One. A forfeiture order was neither pursued nor entered in Hill's case.

### III.

Hill brings this petition for return of property seized in the course of the 2005 investigation pursuant to Rule 41(g), formerly Rule 41(e).[2] Rule 41(g) states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"In a postconviction Rule 41(e) proceeding, 'a criminal defendant is presumed to have the right to the return of his property.'" United States v. Lindsey, 202 F.3d 261, *1 (4th Cir. 2000) (per curiam) (quoting United States v. Mills, 991 F .2d 609, 612 (9th Cir. 1993)). However, "[a] Rule 41[(g)] motion is properly denied 'if the defendant is not entitled to lawful possession of the

---

[2] "As a result of the 2002 Amendments [to the Federal Rules of Criminal Procedure], Rule 41(e) now appears with minor stylistic changes as Rule 41(g)." United States v. Rayburn House Office Building, 497 F.3d 654, 663 (D.C. Cir. 2007).

**HILL v. UNITED STATES** 1:12CV92

**ORDER DENYING THE PETITION FOR RETURN OF PROPERTY [DKT. NO. 1] AND ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 27]**

seized property, the property is contraband or subject to forfeiture[,] or the government's need for the property as evidence continues.'" United States v. Smith, No. 1:01CR0007, 2007 WL 3475759 (S.D.W. Va. Nov. 13, 2007) (quoting Mills, 991 F.2d at 612). Furthermore, regardless of Rule 41(g), due to sovereign immunity concerns, a district court lacks jurisdiction to award damages for property destroyed by the government. United States v. Jones, 225 F.3d 468, 470 (4th Cir. 2000).

**A.**

Based on Jones, it is clear that this Court "lack[s] jurisdiction to award damages under [Rule 41(g)] for the property destroyed by the Government." Id. WVSP records indicate that, excluding the $498 in U.S. currency, all of the property sought by Hill was destroyed in 2012. See (Dkt. No. 7-4). Thus, even assuming Hill is entitled to it, the Court lacks jurisdiction to order the United States to compensate him for the destroyed property.

While Hill concedes the Court's lack of jurisdiction, he nonetheless argues that WVSP records are insufficient to rule out the possibility that members of the WVSP did not destroy the property. Alternatively, he objects that the WVSP did not follow its own policies when it destroyed his property.

**HILL v. UNITED STATES** 1:12CV92

**ORDER DENYING THE PETITION FOR RETURN OF PROPERTY [DKT. NO. 1] AND ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 27]**

As to Hill's first objection, Rule 41(g) requires the Court to "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). "'This requirement does not mean that a district court must conduct an evidentiary hearing to resolve all factual disputes. It does require, however, that the district court . . . resolve factual disputes' on evidence, rather than on mere allegations." Robinson v. United States, No. 3:11CV369, 2013 WL 682894 (E.D. Va. Feb. 22, 2013) (quoting United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007)). "Affidavits or documentary evidence, such as chain of custody records, may suffice to support the district court's determination in a given case." United States v. Cardona-Sandoval, 518 F.3d 13, 16 (1st Cir. 2008).

The Government's exhibits include detailed property logs listing the individual items sought by Hill and their date of destruction. (Dkt. No. 7-4). Hill, in contrast, provides no evidence in support of his suspicion that WVSP members may have appropriated his property for private use. (Dkt. No. 29 at 6). Thus, his unsupported allegation fails to rebut the evidence proffered by the United States, and the evidence preponderates that the WVSP destroyed all property listed in Hill's motion, except the $498.00 in U.S. currency. See (Dkt. No. 7-4 at 1); Cardona-

**HILL v. UNITED STATES** 1:12CV92

**ORDER DENYING THE PETITION FOR RETURN OF
PROPERTY [DKT. NO. 1] AND ADOPTING THE
REPORT AND RECOMMENDATION [DKT. NO. 27]**

Sandoval, 518 F.3d at 16 (requiring evidentiary determination); United States v. Holland, 214 F.3d 523, 527 (4th Cir. 2000) ("a motion for return of property made pursuant to Federal Rule of Criminal Procedure 41(e) is a civil action against the United States" (internal quotations omitted)).

Likewise, Hill's second objection regarding the WVSP's alleged failure to follow its own policies for the destruction of evidence fails because the rule of Jones does not allow this Court to exercise jurisdiction over Rule 41(g) petitions when the property is destroyed, regardless of the propriety of the government's actions. Jones, 225 F.3d at 470 ("Further, sovereign immunity can be waived only by an unequivocal and express act of Congress. Rule 41(e) does not contain a waiver of sovereign immunity." (internal citations omitted)). Thus, because the State of West Virginia has not waived sovereign immunity as to Rule 41(g) petitions, the propriety of the destruction of Hill's property is not a matter this Court may decide.

**B.**

It is undisputed that the WVSP did not destroy the $498.00 in U.S. currency sought by Hill.[3] (Dkt. No. 7-4 at 1). Despite its

---

[3] For the purposes of Hill's motion, the Court will assume that he is lawfully entitled to possession of the $498.

**HILL v. UNITED STATES** 1:12CV92

**ORDER DENYING THE PETITION FOR RETURN OF PROPERTY [DKT. NO. 1] AND ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 27]**

availability, however, the Court nevertheless lacks jurisdiction to order the return of this money.

"[T]he Government cannot return property it does not possess, and therefore a motion for the return of property must be denied if the Government does not have possession of the sought-after property." Bennett v. United States, No. 3:11-CV-103, 2012 WL 1752409 (N.D.W. Va. May 16, 2012) (citing United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997); United States v. White, 718 F.2d 260, 262 (8th Cir. 1983); Glover v. United States, No. CR505-020, 2008 WL 4533928, at *1 (S.D.Ga. Oct. 8, 2008)). Here, WVSP property logs make clear that the State of West Virginia, and not the Government, possesses the $498 in U.S. currency sought by Hill in his Rule 41(g) petition. Therefore, Hill's motion must be denied.

It is correct that, in limited circumstances, a district court may order the return of property possessed by state authorities. "'Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.'" Bennett, 2012 WL 1752409 at *3 (quoting Clymore

**HILL v. UNITED STATES** 1:12CV92

**ORDER DENYING THE PETITION FOR RETURN OF PROPERTY [DKT. NO. 1] AND ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 27]**

v. United States, 164 F.3d 569, 571 (10th Cir. 1999)). Nevertheless,

> [a]n 'assertion that federal authorities controlled the ongoing investigation and were involved in the seizures, without more, is insufficient to establish the extensive federal possession or control necessary to make Rule 41(e) the appropriate vehicle by which to recover the state-forfeited property.'

Id. (quoting Clymore, 164 F.3d at 571).

As the WVSP evidence logs make clear (dkt. no. 7-4), the Government does not have actual possession of the $498 in U.S. currency Hill seeks. Nor was that money ever used as evidence in Hill's underlying federal prosecution; Hill pled guilty in that proceeding, which obviated any need for the Government to produce the money as evidence in a trial. See Bennett, 2012 WL 1752409 at *3. Moreover, state authorities seized the cash incidental to a search for a state fugitive, not at the direction of federal authorities. At bottom, therefore, Hill is left with the allegation that the Government was involved in the ongoing investigation, which is insufficient to establish constructive possession by the Government of the forfeited property. See id. (quoting Clymore, 164 F.3d at 571).[4]

---

[4] Because the record also establishes that the State of West Virginia, and not the Government, also possessed the destroyed property, this analysis applies as well to that property were it still extant. Moreover,

10

**HILL v. UNITED STATES** **1:12CV92**

### ORDER DENYING THE PETITION FOR RETURN OF PROPERTY [DKT. NO. 1] AND ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 27]

Thus, the record is clear that the Government did not actually or constructively possess the $498 in U.S. currency sought by Hill in his Rule 41(g) petition. Therefore, "this Court is not the proper jurisdiction for the petitioner to petition for the return" of the money, Bennett, 2012 WL 1752409 at *3, nor is the United States the proper party to such an action. United States v. Gomez, 382 F. App'x 344, 345 (4th Cir. 2010). Lacking subject matter jurisdiction over the $498 in U. S. currency possessed by the WVSP, the Court **DISMISSES** Hill's petition for the return of that property **WITHOUT PREJUDICE**.[5]

---

Hill could not establish that the Government constructively possessed the destroyed property for the same reasons he cannot establish that the Government constructively possessed the $498 cash.

[5] Because Hill proceeded in forma pauperis, his complaint is subject to screening under 28 U.S.C. § 1915(e). See (Dkt. No. 16). Therefore, the Court may dismiss his claim if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. See Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). An in forma pauperis complaint that fails to establish subject matter jurisdiction lacks an arguable basis in law, and therefore may be dismissed sua sponte. Mack v. Commonwealth of Massachusetts, 204 F. Supp. 2d 163, 166 (D. Mass. 2002); Hall v. Herman, 896 F. Supp. 588, 590 (N.D.W. Va. 1995).

Furthermore, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety," Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006), and "questions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court." Plyler v. Moore, 129 F.3d 728, 732 (4th Cir. 1997).

**HILL v. UNITED STATES** 1:12CV92

**ORDER DENYING THE PETITION FOR RETURN OF PROPERTY [DKT. NO. 1] AND ADOPTING THE REPORT AND RECOMMENDATION [DKT. NO. 27]**

### IV. CONCLUSION

For the reasons stated above, the Court:

1. **ADOPTS** the Report and Recommendation (dkt. no. 27);

2. **DENIES** Hill's Rule 41(g) petition (dkt. no. 1); and

3. **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket of this Court.

If the petitioner should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: March 22, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE